USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/16/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
EDWIN LYDA,

                           Plaintiff,

            -against-

CBS CORPORATION and CBS INTERACTIVE,
INC.,

                         Defendants.
-------------------------------------------------------------- X

**OPINION AND ORDER**

14-CV-6572 (VEC)

VALERIE CAPRONI, United States District Judge:

      Plaintiff Edwin Lyda brings this action against Defendants CBS Corporation ("CBS") and CBS Interactive, Inc. ("CBS Interactive") alleging patent infringement. After receiving correspondence from Defendants' counsel regarding various pleading deficiencies in the initial Complaint, Plaintiff filed an Amended Complaint ("Am. Compl."). Defendants now move to dismiss the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and, in the alternative, for a more definite statement under Fed. R. Civ. P. 12(e). For the reasons stated herein, Defendants' Motion to Dismiss is GRANTED, and their Motion for a More Definite Statement is DENIED as moot.

## BACKGROUND[1]

      Plaintiff is the owner of two patents, United States Patent No. 7,434,243, entitled "Response Apparatus Method and System" (the "'243 Patent"), and United States Patent No. 7,730,506, entitled "Method and Apparatus for Response System" (the "'506 Patent"). Am. Compl. ¶¶ 4, 10-11. Plaintiff's patents contain both method and system claims relating to the

---

[1] In addressing the sufficiency of the Complaint on a motion to dismiss, the Court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences." *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013)).

transmission of wireless signals from a "user input device" to a central receiver for use in television audience voting and polling. *Id*. ¶ 9; Defs.' Mem. at 6-7.

Plaintiff asserts that Defendants CBS and CBS Interactive, which is a premium content provider and a wholly-owned subsidiary of CBS, operate the television show "BIG BROTHER." Am. Compl. ¶ 6. BIG BROTHER allows the television audience to influence aspects of the show by voting over the telephone, online, through a cell phone application, or by text messaging. *Id.* ¶ 7. The text messages are only accepted during specific periods of time and contain an identifying code for the sender and the sender's vote selection. *Id.* ¶ 7. Plaintiff alleges that Defendants receive text message votes using a "typical cell phone receiver" and that Defendants use "additional electronic equipment" to process the text messages they receive and to classify votes. *Id.* ¶ 7.

According to Plaintiff, Defendants test their equipment and operations for receiving text messages before using the system during live broadcasts. *Id.* ¶ 8. Plaintiff claims that during these tests CBS Interactive utilizes an independent contractor, which operates "under the control" of CBS Interactive, to test the text message vote receiving system. *Id.* ¶ 8. These tests are conducted using "well known cell phones"[2] that are either borrowed[3] or that belong to individuals acting "under the control or direction" of the independent contractor. *Id.* ¶¶ 17, 24. 31, 38, 47, 54, 61, 68. Plaintiff alleges that "[a]s a result of [their] activities in connection with the television show BIG BROTHER," Defendants are infringing on method claim 8 and system claim 9 of the '243 Patent, and method claim 1 and method claim 7 of the '506 Patent "by having Defendant CBS Interactive operate the show BIG BROTHER and use an independent contractor

---

[2] The Court does not know whether there is a difference between a "well known cell phone" and a "cell phone," and the Amended Complaint does not explain the significance to the alleged patent infringement of the fact that CBS Interactive's independent contractor tests the system with cell phones that are "well known."

[3] The Amended Complaint does not allege from whom the cell phones might be borrowed or the significance of the fact that certain phones used are borrowed from unidentified third persons.

in conjunction with testing the system under the control of Defendant CBS Interactive." *Id.* ¶¶ 18, 25, 32, 39, 69.

## DISCUSSION

### I. Legal Standard

"To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 398 (S.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)).

With respect to claims for direct patent infringement, some courts have recognized that the more liberal pleading standard established by Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure applies.  *See Smartwater, Ltd. v. Applied DNA Scis., Inc.*, No. 12-CV-5731(JS)(AKT), 2013 WL 5440599, at *3 (E.D.N.Y. Sept. 27, 2013) ("[C]laims for direct patent infringement are governed by Form 18 of the Appendix to the Federal Rules." (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012))).  Form 18 requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.* (quoting *Gradient Enters., Inc. v. Skype Techs. S.A.*, 848 F. Supp. 2d 404, 407 (W.D.N.Y. 2012)).

The district courts in this Circuit have not been entirely consistent regarding whether *Iqbal/Twombly* or Form 18 controls the pleading standard for direct infringement cases. *Compare Regeneron Pharm., Inc. v. Merus B.V.,* No. 14-CV-1650(KBF), 2014 WL 2795461 (S.D.N.Y. June 19, 2014) (applying both standards and noting that the higher *Iqbal/Twombly* standard should apply because Second Circuit precedent suggests that the *Iqbal/Twombly* plausibility standard applies to all civil cases), *with Joao Control & Monitoring Sys., LLC v. Slomin's, Inc.*, No. 14-CV-2598(JG), 2015 WL 77516, at *1 (E.D.N.Y. Jan. 6, 2015) (the Form 18 standard applies because "[t]he Federal Circuit has found that the adequacy of a pleading of direct infringement is measured by the specificity required in Form 18 of the Federal Rules of Civil Procedure."). Although "the Federal Circuit has informed [the courts] that 'whether [a complaint] adequately plead[s] direct infringement is to be measured by the specificity required by Form 18,'" *Smartwater*, 2013 WL 5440599, at *3 (quoting *In re Bill of Lading*, 681 F.3d at 1334), the Second Circuit has not addressed this issue directly. *See Joao Control & Monitoring Sys.*, 2015 WL 77516, at *1; *Regeneron Pharm.*, 2014 WL 2795461, at *1.

Direct patent infringement occurs when an accused infringer "without authority makes [or] uses . . . any patented invention . . . during the term of the [asserted] patent." *See* 35 U.S.C. § 271(a). Among the various theories of patent infringement,[4] "the courts that have applied Form 18 over *Iqbal/Twombly* have made it clear that 'Form 18 should be strictly construed as measuring only the sufficiency of allegations of *direct* infringement, and not *indirect*

---

[4] As is relevant here, indirect patent infringement occurs when the accused infringer either induces infringement by another entity, 35 U.S.C. § 271(b), or sells a particular component or apparatus that constitutes a material part of the invention so as to knowingly contribute to the infringement of the patent. 35 U.S.C. § 271(c). *See Medgraph, Inc. v. Medtronic, Inc.*, --- F. Supp. 3d ---, ---, No. 09-CV-6610(DGL), 2015 WL 3938253, at *4 (W.D.N.Y. June 29, 2015) ("[I]ndirect infringement . . . generally falls into two categories: induced and contributory infringement."). "Joint infringement" occurs when the "actions of multiple parties combine to perform every step of a claimed method" and when "one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party." *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1328-29 (Fed. Cir. 2008) (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007)).

infringement.'" *Smartwater,* 2013 WL 5440599, at *4 (quoting *In re Bill of Lading*, 681 F.3d at 1336) (emphasis added).  The courts that have examined the pleading standard for joint infringement have held that Form 18 does not apply to joint infringement claims.  *See, e.g.*, *Nu Flow Techs. (2000) Inc. v. A.O. Reed & Co.*, No. 13-CV-1818(BEN)(JMA), 2014 WL 1400127, at *2-3 (S.D. Cal. Apr. 8, 2014) ("Form 18 . . . does not address joint infringement.").  Courts instead apply the *Iqbal/Twombly* plausibility standard to claims of indirect and joint infringement.  *See, e.g.*, *Automated Transaction LLC v. N.Y. Cmty. Bank*, No. 12-CV-3070(JS)(ARL), 2013 WL 992423, at *4 (E.D.N.Y. Mar. 13, 2013); *Nu Flow Techs.*, 2014 WL 1400127, at *2.

## II.     Plaintiff's Claims are Deficient Even Under the Liberal Form 18 Standard

Defendants argue that Plaintiff's Amended Complaint must be dismissed because Plaintiff fails to specify whether he is proceeding against them on a theory of direct infringement under 35 U.S.C. § 271(a), induced infringement under 35 U.S.C. § 271(b), or contributory infringement under 35 U.S.C. § 271(c), and therefore the Amended Complaint fails to provide Defendants with sufficient notice of the basis for Plaintiff's claims.  Defs.' Mem. at 4-5.  In his Amended Complaint, Plaintiff asserts that Defendants are in violation of "Section 271, at least 271(a)." Am. Compl. ¶ 4.  Elsewhere in the Amended Complaint, Plaintiff alleges that the purported infringement occurred through the cooperation of CBS and CBS Interactive and via the use of "an independent contractor," suggesting a theory of either indirect infringement or joint infringement.  Am. Compl. ¶¶ 18, 25, 32, 39, 48, 55, 62, 69.  Although the Amended Complaint certainly leaves room for doubt regarding Plaintiff's theory of liability, he clarified his position in his Memorandum in Opposition to Defendants' Motion to Dismiss, in which he states clearly that "only direct patent infringement has been asserted in accordance with 271(a)."

Pl.'s Opp. at 6.  Accordingly, the Court will evaluate the motion to dismiss based on Plaintiff's articulated position that he is alleging only direct infringement.

Even so, Plaintiff's allegations are simply too vague, even under the Form 18 standard, to articulate a claim for relief.  In particular, Plaintiff fails to establish which of Defendants' alleged practices constitutes infringement, and he fails to demonstrate any connection between the alleged infringing activities and his patent claims.  In Count One of the Amended Complaint (which is substantially similar to Plaintiff's seven other infringement claims) Plaintiff alleges, somewhat incomprehensibly:

> BIG BROTHER tests of its electrical systems such as audience voting using cell phones to send a text messages along with the computer processing systems under the control of Defendant CBS Interactive for compiling votes as well other electrical system functions anticipated for conducting a major show on television before a live audience.

Am. Compl. ¶ 16.  Plaintiff further alleges that:

> The testing of text voting operations . . . requires the participation of people under the control or direction of an independent contractor engaged by the Defendant CBS Interactive to send votes using text messages using well known cell phones either their own respective cell phones, or borrowed cell phones to test the electronic text voting system used by Defendant CBS Interactive . . . .

Am. Compl. ¶ 17.  Plaintiff concludes that "as a result of [Defendants'] activities in connection with the television show BIG BROTHER," Defendants are infringing Plaintiff's patent claims "by having Defendant CBS Interactive operate the show BIG BROTHER and use an independent contractor in conjunction with testing the system under the control of Defendant CBS Interactive . . . ."  Am. Compl. ¶ 18.

Although it appears that Plaintiff takes issue with CBS Interactive's "operat[ing] the show" and "us[ing] an independent contractor in conjunction with testing the system," it is simply impossible to discern what actions, activities, services, or products are infringing Plaintiff's patents.  Plaintiff's references to the testing of "electrical systems," the use of

"computer processing systems," the sending of "text messages," the compiling of votes, and the use of "other electrical system functions" are simply too vague to conform even with the generous pleading standard set forth under Form 18. Put differently, Plaintiff fails to meet an important requirement of Form 18, which requires "a statement that the defendant has been infringing the patent by making, selling, and using" the methods and systems embodied by Plaintiff's patents. Fed. R. Civ. P. Form 18; s*ee also Prism Techs., LLC v. AT & T Mobility, LLC*, No. 8:12-CV-122(LES), 2012 WL 3867971, at *4-5 (D. Neb. Sept. 6, 2012) (finding allegation of infringement by defendant with respect to "various wireless products and data services" as too broad to satisfy Form 18); *Bender v. Motorola*, No. 09-CV-1245(SBA), 2010 WL 726739, at *3 (N.D. Cal. Feb. 26, 2010) ("Nowhere in the Amended Complaint does Plaintiff identify, with the requisite level of factual detail, the particular product or line of products, that allegedly infringe the [patent]."); *Ware v. Circuit City Stores, Inc.*, No. 4:05-CV-156(RLV), 2010 WL 767094, at *2 (N.D. Ga. Jan. 5, 2010) (dismissing complaint alleging that defendant's "apparatuses" and "financial card transaction systems" infringed plaintiff's patents as insufficient under the Form 18 standard).

Plaintiff's allegations also fail to put Defendants on notice of his purported causes of action. While "[t]he Form 18 requirements are lean," *3D Sys., Inc. v. Formlabs, Inc.*, No. 13-CV-7973(RWS), 2014 WL 1904365, at *6 (S.D.N.Y. May 12, 2014), "Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also id.* at 1286 ("The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility."); *Ware*, 2010 WL 767094, at *2 ("While the court is cognizant that a heightened pleading standard is not required in patent

infringement cases, plaintiffs in such cases should at the very least put defendants on notice of what the defendants have done to infringe the patent in question.").

Plaintiff's chief discernable claim — that Defendants' "activities in connection with the television show BIG BROTHER" infringe on Plaintiff's patent claims — is hardly sufficient to satisfy notice pleading or even the minimal requirements of Form 18.  Plaintiff contends in his opposition brief, relying on *K-Tech,* that "Form 18 'effectively immunizes a claimant from attack regarding the sufficiency of the pleading.'" Pl.'s Opp. at 3 (quoting *K-Tech*, 714 F.3d at 1283).  Plaintiff, however, mischaracterizes *K-Tech*.  The *K-Tech* court noted that the "Rule 84, combined with guidance from the Advisory Committee Notes to the 1946 amendment of Rule 84, makes clear that a *proper use* of [Form 18]" is what immunizes a claimant from such attacks.  *K-Tech*, 714 F.3d at 1283 (emphasis added); *see also id*. at 1288 (Wallach, J., concurring).  Plaintiff's Amended Complaint does not make *proper use* of Form 18.  *See Lyda v. FremantleMedia N. Am., Inc.*, No. 10-CV-4773(DAB), 2011 WL 2898313, at *3 (S.D.N.Y. July 14, 2011) ("Form 18 does not require courts or defendants to play guessing games.").  In short, Plaintiff's Amended Complaint fails to state a claim.

**III.    No Leave to Amend Will be Granted**

Leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party or futility of amendment will serve to prevent an amendment prior to trial." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87-88 (2d Cir. 2002) (internal quotations and citation omitted) (alterations adopted).  Here, the Court finds that granting Plaintiff leave to further amend his Amended Complaint would not be appropriate.  After being notified by Defendants of the deficiencies in his original Complaint, Plaintiff filed a substantially similar

Amended Complaint, which still failed to identify the infringing conduct. This case is also not the first in which Plaintiff has alleged substantially similar claims with respect to the same two patents against the owners or operators of a nationally-syndicated reality television show. In *FremantleMedia*, 2011 WL 2898313, at *1, Judge Batts found that Plaintiff's claims failed to meet the Form 18 standard, and in *Lyda v. FremantleMedia N. Am., Inc.*, No. 10-CIV-4773(DAB), 2012 WL 957498, at *3 (S.D.N.Y. Mar. 8, 2012), Judge Batts found that Plaintiff's claims failed to meet the *Iqbal/Twombly*[5] standard, and that further amendment would be futile. Here, too, leave to replead would be futile.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED, and their Motion for a More Definite Statement is DENIED as moot. The Clerk of Court is respectfully requested to close the open entry at Docket Number 20 and terminate the case.

SO ORDERED.

Date:  July 16, 2015               **VALERIE CAPRONI**
       New York, New York          **United States District Judge**

---

[5]   Judge Batts held that Plaintiff's patent infringement claims failed to meet the *Iqbal*/*Twombly* standard because he failed to allege, as he has failed to do here, that a key element of his patent claim had been infringed. *FremantleMedia*, 2012 WL 957498, at *3 ("Plaintiff does not allege that Defendant provides user input devices to audience members. . . . Because Plaintiff concedes that a necessary element of the patents' claimed method or system is not met, the Complaint fails to make a prima facie showing of direct or indirect patent infringement.").